IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| GERALD HILL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 13-cv-307-JPG |
| | ) |
| UNITED STATES of AMERICA, | ) |
| | ) |
| Defendant. | ) |

# MEMORANDUM AND ORDER

**GILBERT, District Judge:**

On March 27, 2013, Plaintiff Gerald Hill, by counsel, filed the instant suit pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2671 *et seq*. (Doc. 4). Now before the Court is Plaintiff's motion to proceed *in forma pauperis* ("IFP"), i.e., without prepaying the filing fee (Doc. 5).

Plaintiff's claim arose while he was incarcerated at the Federal Correctional Institution at Greenville ("Greenville").[1] However, at the time he filed this action, Plaintiff had been released from Federal Bureau of Prisons custody. As such, Plaintiff does not meet the statutory definition of prisoner[2] for purposes of the *in forma pauperis* statute, which states that "[t]he term 'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915(h).

---

[1] Plaintiff previously brought this identical claim in a pro se action, *Hill v. United States*, Case No. 11-cv-317-MJR (filed April 18, 2011). That lawsuit was dismissed for lack of prosecution on July 26, 2012. According to documents on file in that case, Plaintiff was released from prison on February 21, 2012.

[2] The determination of a plaintiff's status as a prisoner or non-prisoner, and thus the applicability of the Prison Litigation Reform Act (PLRA) must be made as of the date the lawsuit is brought. *Kerr v. Puckett*, 138 F.3d 321, 323 (7th Cir. 1998).

Under 28 U.S.C. § 1915(a)(1), a federal district court may allow a civil case to proceed without prepayment of fees, if the movant "submits an affidavit that includes a statement of all assets [he] possesses [showing] that the person is unable to pay such fees or give security therefor." Plaintiff has done so in the instant case. But the Court's inquiry does not end there, because 28 U.S.C. § 1915(e)(2) requires careful threshold scrutiny of the complaint filed by an IFP plaintiff.

A court can deny a qualified plaintiff leave to file IFP or can dismiss a case if the action is clearly frivolous or malicious, fails to state a claim or is a claim for money damages against an immune Defendant. 28 U.S.C. § 1915(e)(2)(B). The test for determining if an action is frivolous or without merit is whether the plaintiff can make a rational argument on the law or facts in support of the claim. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Corgain v. Miller,* 708 F.2d 1241, 1247 (7th Cir. 1983). An action fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). When assessing a petition to proceed IFP, a district court should inquire into the merits of the petitioner's claims, and if the court finds them to be frivolous, it should deny leave to proceed IFP. *Lucien v. Roegner,* 682 F.2d 625, 626 (7th Cir. 1982).

**The Complaint**

Plaintiff alleges that on May 19, 2010, while he was a prisoner at Greenville, Plaintiff was attacked by a fellow inmate and beaten unconscious with a metal device (Doc. 4, p. 1). Plaintiff lost his right eye, suffered multiple fractures to his face, and has permanent loss of vision in his left eye. His financial affidavit indicates that he now receives disability benefits for blindness (Doc. 5, p. 2).

The attack took place in Greenville's housing unit 4-B, which was a TV room, but had been converted into an eight-man cell due to overcrowding in the prison (Doc. 4, pp. 1-2). The unit had no security features, was not adequately supervised by staff, was not properly illuminated, and lacked video surveillance. Plaintiff claims that prison officials knew or should have known that a disproportionate number of prison assaults occur in housing areas such as his unit, because of the lack of security and overcrowding. He asserts that the assault and his injuries were the result of negligence, and he seeks compensation.

## Disposition

Plaintiff's complaint survives review under § 1915(e)(2). His sworn IFP motion establishes that he is indigent for purposes of IFP review. Nothing indicates that his action is frivolous or malicious. The named Defendant is not immune from relief in a Federal Tort Claim action. And at this point, the Court cannot conclude that his action fails to state any claim upon which relief could be granted.

Accordingly, Plaintiff's motion (Doc. 5) for leave to proceed IFP is **GRANTED**. Plaintiff will be allowed to proceed in the action without payment of any fees. *See* 28 U.S.C. § 1915(a)(1); *Haynes v. Scott*, 116 F.3d 137, 140 (5th Cir. 1997) (fee requirement of § 1915(a)(1) and (b) applies only to prisoners; non-prisoners granted leave to proceed *in forma pauperis* are not responsible for paying filing fee at all).

The Clerk of Court is **DIRECTED** to complete, on Plaintiff's behalf, a summons for service of process on the United States; the Clerk shall issue the completed summons. Pursuant to Federal Rule of Civil Procedure 4(i), the Clerk shall (1) personally deliver to or send by registered or certified mail addressed to the civil-process clerk at the office of the United States Attorney for the Southern District of Illinois a copy of the summons, the complaint, and this

Memorandum and Order; and (2) send by registered or certified mail to the Attorney General of the United States at Washington, D.C., a copy of the summons, the complaint, and this Memorandum and Order.

It is **FURTHER ORDERED** that Plaintiff shall serve upon the United States Attorney for the Southern District of Illinois a copy of every pleading or other document submitted for consideration by this Court.  Plaintiff shall include with the original paper to be filed a certificate stating the date that a true and correct copy of the document was mailed to the United States Attorney.  Any paper received by a district judge or a magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge **Philip M. Frazier** for further pre-trial proceedings.

Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Frazier for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted.  *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff.

Local Rule 3.1(c)(1).

**IT IS SO ORDERED.**

**DATED: April 22, 2013**

<u>s/ J. PHIL GILBERT</u>
United States District Judge
