IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

GERALD HILL,

    Plaintiff,

vs.

UNITED STATES OF AMERICA,

    Defendant.

Case No. 13-cv-307-JPG-PMF

**MEMORANDUM AND ORDER**

This matter comes before the Court on defendant United States of America's ("USA") motion to dismiss (Doc. 10) pursuant to Federal Rule of Civil Procedure 12(b)(1) to which plaintiff Gerald Hill has responded (Doc. 13).

Challenges to the Court's subject matter jurisdiction are considered under Federal Rule of Civil Procedure 12(b)(1). Under that rule, a defendant can challenge a court's subject matter jurisdiction in two ways. He may make a facial challenge to the sufficiency of the complaint's jurisdictional allegations as a matter of law, in which case, as with a Rule 12(b)(6) motion, all well-pleaded factual allegations are accepted as true and construed in the light most favorable to the plaintiff. *United Phosphorus, Ltd. v. Angus Chem. Co.*, 322 F.3d 942, 946 (7th Cir. 2003).

Alternatively, where a complaint is facially sufficient, a defendant may challenge the actual facts establishing jurisdiction, in which case the plaintiff is not entitled to have his allegations taken as true or to have any inferences drawn in his favor. *United Phosphorus*, 322 F.3d at 946; *Sapperstein v. Hager*, 188 F.3d 852, 855-56 (7th Cir. 1999). To resolve a challenge to the facts, a court may receive and weigh evidence outside the allegations in the complaint to determine if it has subject matter jurisdiction over the case. *United Phosphorus*, 322 F.3d at 946. In any case, the plaintiff has the burden of proving that subject matter jurisdiction exists. *Id.*

Here, the USA seeks to challenge this Court's jurisdiction in the second way. Specifically, the USA argues this Court lacks jurisdiction to hear Hill's claim because the FTCA's statute of limitations is jurisdictional, and Hill filed his claim beyond that statutory limitation. The USA is correct in noting that the Seventh Circuit has previously characterized the FTCA's statute of limitations as jurisdictional and properly considered on a Rule 12(b)(1) motion. *See Charlton v. United States*, 743 F.2d 557, 558 (7th Cir. 1984). Recently, however, the Supreme Court explained that courts should not treat a statutory limitation as jurisdictional absent a clear statement from Congress. *Sebelius v. Auburn Reg'l Med. Ctr.*, 133 S. Ct. 817 (2013). In light of *Sebelius*, the Seventh Circuit concluded that the FTCA statute of limitations is not jurisdictional. *Arteaga v. United States*, 711 F.3d 828, 832 (7th Cir. 2013). Not only is the FTCA void of a clear statement declaring the statutory limitation jurisdictional, but Congress expressly included the following language: "the United States shall be liable, respecting the provisions of this title relating to tort claims, in the same manner and *to the same extent as a private individual under like circumstances*." *Id*. (quoting 28 U.S.C. § 2674).

Because the FTCA's statute of limitations is not jurisdictional, the USA's motion is not appropriate under Federal Rule of Civil Procedure 12(b)(1). Further, the Federal Rules of Civil Procedure contain no mechanism by which this Court may convert the USA's Rule 12(b)(1) motion into a summary judgment motion. *See Capitol Leasing Co. v. F.D.I.C.*, 999 F.2d 188, 191 (7th Cir. 1993). Accordingly, the Court must **DENY** the USA's motion to dismiss (Doc. 10).

**IT IS SO ORDERED.**

**DATED**:  October 7, 2013

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**
