IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

GERALD HILL,

    Plaintiff,

  vs.

UNITED STATES OF AMERICA,

    Defendant.

Case No. 13-cv-307-JPG-PMF

**MEMORANDUM AND ORDER**

This matter comes before the Court on defendant United States of America's ("USA") motion for summary judgment (Doc. 24) to which plaintiff Gerald Hill has responded (Doc. 30). For the following reasons, the Court grants the USA's motion for summary judgment.

1. **Background**

The events of which Hill complains arose while he was in the custody of the Bureau of Prisons. On May 29, 2010, while incarcerated at FCI Greenville, a fellow inmate attacked Hill and beat him unconscious with a metal device. As a result of the attack, Hill suffered multiple fractures to his face and permanent vision loss in his left eye. The attack occurred in a TV room which had been converted into an eight-man cell due to prison overcrowding. Hill alleges the eight-man cell lacked security features, adequate staff supervision, proper illumination, and video surveillance. He asserts that his injuries were a result of the USA's negligence because prison officials knew or should have known that a disproportionate number of assaults occur in housing areas such as the unit in which Hill was attacked.

Hill filed his administrative claim pursuant to the Federal Tort Claims Act ("FTCA") on October 1, 2010. The Federal Bureau of Prisons sent a letter to Hill denying his claim on February 18, 2011. The letter explained that Hill could file suit in a federal district court within

six months of the date of that letter. On April 18, 2011, Hill filed a case identical to the instant case in the Southern District of Illinois, Case Number 11-cv-317-MJR, before the Judge Reagan. Judge Reagan warned Hill that he was "under a continuing obligation" to update the Court with his address and that "the Court will not independently investigate his whereabouts." Case No. 11-cv-317-MJR, Doc. 7, p. 7. Hill, however, failed to update his address with the Court. The docket reflects that Hill's mail was returned as undeliverable on June 6 and 13, 2012. Hill further failed to appear for a show cause hearing set by Magistrate Judge Williams in which Judge Williams ordered Hill to show cause why his case should not be dismissed for failure to prosecute. Judge Reagan dismissed that case without prejudice on July 26, 2012, for failure to prosecute.

Thereafter, Hill retained counsel. On August 10, 2012, he filed a motion to set aside the dismissal in case number 11-cv-317-MJR. Judge Reagan denied the motion on September 19, 2012, finding that Hill had not shown excusable neglect sufficient to set aside the judgment. Over six months after the order denying the motion to set aside judgment, Hill filed the instant identical case on April 1, 2013.

The government filed the instant motion for summary judgment arguing it is entitled to judgment as a matter of law because Hill failed to comply with the requirement of 28 U.S.C. § 2401(b) that suit be filed within six months of denial of the administrative claim. In his response, Hill acknowledges he filed his complaint beyond the statute of limitations period; however, he argues equitable tolling principles apply. Specifically, Hill argues that after his release from prison certain conditions, including blindness from the assault, unemployment and his dependency on friends and relatives for housing, present circumstances for which this court should invoke equitable tolling.

**2. Analysis**

The FTCA provides that "[a] tort claim against the United States shall be forever barred . . . unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented." 28 U.S.C. § 2401. Hill's notice of denial was mailed by the Federal Bureau of Prisons on February 18, 2011. Accordingly, the instant complaint, filed April 1, 2013, is well beyond the FTCA's command that a plaintiff initiate an action within six months of mailing of the final order of denial. The only issue left is whether this statute of limitations can or should be equitably tolled.

The Seventh Circuit recently addressed whether the statute of limitations in a FTCA suit can ever be tolled. *Arteaga v. United States*, 711 F.3d 828, 832 (7th Cir. 2013). If the statute of limitations is jurisdictional, it can never be tolled; however, if it is not jurisdictional, courts may apply equitable tolling principles. *See id*. Courts are in conflict over whether the FTCA statute of limitations is jurisdictional. *See id*. The Supreme Court has instructed courts to "inquire whether Congress has 'clearly state[d]' that the rule is jurisdictional; absent such a clear statement . . . 'courts should treat the restriction as nonjurisdictional in character.'" *Sebelius v. Auburn Reg'l Med. Ctr.*, 133 S. Ct. 817 (2013). The Seventh Circuit concluded that the FTCA statute of limitations is not jurisdictional, because the statutory language provides that "the United States shall be liable, respecting the provisions of this title relating to tort claims, in the same manner and *to the same extent as a private individual under like circumstances*." *Arteaga*, 711 F.3d at 833 (quoting 28 U.S.C. § 2674).

Having concluded that the FTCA statute of limitations can be tolled, the Court will now consider whether equitable tolling is applicable on the facts of the instant case. Equitable tolling excuses a plaintiff's failure to file suit within the limitations period "if it would have been

unreasonable to expect him to be able to sue earlier." *Shropshear v. Corp. Counsel of City of Chi.*, 275 F.3d 593, 595 (7th Cir. 2001). "[A]n essential element [of equitable tolling] is that the plaintiff have exercised due diligence; in other words that he have acted reasonably." *Id*.

Hill argues at length that Judge Reagan's dismissal of his first case was erroneous. This argument necessarily fails to warrant tolling the statute of limitations because "[e]quitable tolling is not a remedy for an erroneous judgment; appeal, or in exceptional cases a motion under Fed. R. Civ. P. 60, is." *Elmore v. Henderson*, 227 F.3d 1009, 1013 (7th Cir. 2000).

Hill's argument that the statute of limitations should be tolled because of his disability resulting from the attack also fails. The timeline and events in both the instant case and the first case before Judge Reagan demonstrate that Hill failed to exercise due diligence in pursuing this claim sufficient to invoke equitable tolling. Hill suffered from the disability resulting from the attack at the time of his first case. Nevertheless, he was able to file that complaint *pro se* while incarcerated at USP Marion and was able to submit a change of address to the court on February 21, 2012. *See Hill v. W.A. Sherrod, et al.*, Case No. 11-cv-317-MJR, Docs. 1 & 6. Upon release, tasks such as changing his address with the Court and retaining an attorney should have become less onerous. Even after Hill had retained counsel, he failed to appeal Judge Reagan's order denying Hill's Rule 60(b) motion and waited over six months after denial of his Rule 60(b) motion to file the instant claim. Viewing these facts, the Court cannot find that Hill has exercised due diligence in pursuing his claim, and the doctrine of equitable tolling does not apply in this case. Accordingly, the USA is entitled to judgment as a matter of law.

3. Conclusion

For the foregoing reasons, the Court **GRANTS** the USA's motion for summary judgment (Doc. 24), **DISMISSES** this case with prejudice, and **DIRECTS** the Clerk of Court to enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED:** February 21, 2014

s/ J. Phil Gilbert  
**J. PHIL GILBERT**  
**DISTRICT JUDGE**