IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| GERALD J. HILL, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| vs. | )    Case No. 3:13-cv-0307-SMY-PMF |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
|     Defendant. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

This matter is on remand from the United States Court of Appeals for the Seventh Circuit. Before the Court is Defendant United States of America's (second) Motion for Summary Judgment (Doc. 70). Plaintiff Gerald Hill filed this lawsuit pursuant to the Federal Tort Claims Act ("FTCA") and the United States argues that Plaintiff's suit is time barred pursuant to 28 U.S.C. § 2401(b). Defendant's first motion for summary judgment was granted on that basis, but the decision was reversed on appeal. See *Hill v. United States*, 762 F.3d 589, 591 (7th Cir. 2014). The Seventh Circuit directed this Court to give additional consideration to Hill's argument that the statute of limitations should be equitably tolled. Upon further review, the Court finds that although Hill failed to file his lawsuit within six months after receiving the Bureau of Prisons ("BOP") FTCA denial of claim letter, he shall be entitled to equitable tolling of the statute of limitations. Defendant's Motion for Summary Judgment is therefore **DENIED**.

## BACKGROUND

This is an FTCA action with a long and unusual procedural history. In January 2008, Plaintiff pleaded guilty to one count of "possession of a firearm in furtherance of a drug trafficking crime" in the U.S. District Court for the Eastern District of Missouri (Doc. 70-2, p. 2).

He was then sentenced to 5 years in prison and 3 years of supervised release (Doc. 70-2, p. 3-4). During his incarceration, he was housed at several federal prisons, including Federal Correctional Institution Greenville (Plaintiff's Complaint at Doc. 4). On May 19, 2010, Hill was assaulted by another inmate at that facility. *Id.* He was severely injured in the attack; he was beaten unconscious, he lost his right eye and his vision was impaired in the left eye. *Id.*

On September 23, 2010, Hill filed an administrative claim with the BOP requesting monetary damages for his injuries sustained in the attack (Doc. 70-2, p. 16). Hill asserted in his claim that his attack resulted from unsafe living quarters and inadequate supervision by correctional staff. *Id.* His claim was denied and on February 11, 2011, the BOP issued Hill an FTCA denial of claim letter (Doc. 70-2, p. 19). The letter notified Hill that he could now file suit in District Court but that there was a six month deadline to do so. *Id. See* 28 U.S.C. § 2401(b).

Hill continued to pursue his FTCA claim and filed suit *pro se* in the U.S. District Court for the Southern District of Illinois on April 18, 2011. *See Hill v. United States of America*, Case No. 11-cv-317-MJR, Doc. 1. At that time, he was incarcerated at United States Penitentiary Marion. *Id.* Hill was released from USP Marion and BOP custody in February 2012. *Id.* at Doc. 6. Upon his release, Hill was assigned to live in a halfway house in St. Louis, Missouri. *Id.*

Shortly thereafter, Hill left the halfway house but declined to inform the Court (or the Defendant) of his new address. *Id.* at Doc. 20. Defendant United States then filed a motion to dismiss for lack of prosecution. *Id.* at Doc. 18. The motion was ultimately granted without prejudice by Judge Reagan on July 26, 2012. *Id.* at Doc. 23. On August 10, 2012, Hill's attorney entered his appearance and filed a motion to set aside the dismissal. *Id.* at Doc. 26. In the motion, Hill argued that the dismissal should be set aside because he was discharged from the halfway house on April 18, 2012 and since that date, he was "struggling with living

accommodations, his injuries suffered from the assault and battery endured while at FCI Greenville and meeting his day to day expenses for food and medicines." *Id.* On September 20, 2012, Judge Reagan denied Hill's motion, thereby declining to set aside the dismissal. *Id.* at Doc. 32. After the entry of that order, no further activity occurred in *Hill v. United States of America*, Case No. 11-cv-317-MJR.

On April 1, 2013, Plaintiff through counsel filed the instant case, which asserts essentially the same allegations as his prior lawsuit (Doc. 4). On June 20, 2013, Defendant filed a motion to dismiss pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure (Doc. 10). The United States argued that the Court lacked jurisdiction to hear Hill's FTCA claim because Hill had exceeded the six month filing deadline and that the FTCA deadline is jurisdictional. *Id.* Judge Gilbert denied the motion, noting that the Seventh Circuit had recently held in *Arteaga v. United States*, 711 F.3d 828, 833 (7th Cir. 2013) that the FTCA's statute of limitations was not, in fact, jurisdictional (Doc. 14). Because the six month deadline was not jurisdictional, Defendant USA was not entitled to relief under Rule 12(b)(1).

Defendant continued to pursue the argument that Hill's suit was time barred. On October 21, 2013, USA filed a motion for summary judgment to that end (Doc. 24). Plaintiff filed a response in opposition (Doc. 30). In his response, Plaintiff conceded that he exceeded the six month deadline but argued that he should be entitled to equitable tolling (Doc. 30). Judge Gilbert granted Defendant's motion and found that "Hill failed to exercise due diligence in pursuing this claim sufficient to invoke equitable tolling" (Doc. 33, p. 4).

Hill appealed. The Seventh Circuit reversed and directed this Court to give further consideration to Hill's equitable tolling argument. *Hill v. United States*, 762 F.3d 589, 591 (7th

Cir. 2014). The Seventh Circuit observed that there was an "inexplicable delay in the filing of the second suit" but noted the following:

> Ordinarily as we said the pratfalls of a party's lawyer are imputed to the party. But given the unusual gravity of the plaintiff's injuries, the absence of any suggestion of prejudice to the defendant from the delay in suing, and the district judge's cursory treatment of the issue of equitable tolling, we have decided that the judgment should be vacated and the case remanded to the district court for further consideration of the tolling issue. We do not prejudge the issue; we merely think it deserves fuller consideration.

*Id.* The matter was remanded back to this District Court on October 3, 2014 (Doc. 49).

After a temporary stay,[1] USA filed a second motion for summary judgment on June 5, 2015, reiterating its argument that Plaintiff was not entitled to equitable tolling (Doc. 70). Plaintiff filed a response in opposition (Doc. 73) and Defendant USA filed a reply (Doc. 77).

## ANALYSIS

The FTCA acts as a waiver of United States sovereign immunity "and, with certain specific exceptions, to render the Government liable in tort as a private individual would be under like circumstances." *Richards v. United States*, 369 U.S. 1, 6 (1962). United States District Courts have exclusive jurisdiction to hear FTCA claims (28 U.S.C. § 1346(b)(1)) and a claimant must exhaust administrative remedies with the appropriate federal agency prior to filing suit. 28 U.S.C. § 2401(b). If the federal agency denies the claim, the claimant may file suit in District Court "within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim." *Id.* The six month deadline is "nonjurisdictional and subject to equitable tolling." *United States v. Kwai Fun Wong*, 135 S. Ct. 1625, 1638 (2015).

---

[1] This case was stayed while *United States v. Kwai Fun Wong* was pending before the Supreme Court. 135 S. Ct. 1625, 191 L. Ed. 2d 533 (2015). The Supreme Court granted certiorari to address the issue of whether claims brought under the FTCA may be subject to equitable tolling. The Supreme Court ultimately answered in the affirmative, holding that "the FTCA's time bars are nonjurisdictional and subject to equitable tolling."
*Id.* at 1638, 191 L. Ed. 2d 533. The stay was lifted immediately after the Supreme Court issued its ruling.

Plaintiff concedes that his second suit (the instant case) was filed after the six month deadline, but argues that he is entitled to equitable tolling. The doctrine of equitable tolling "permits a plaintiff to sue after the statute of limitations has expired if through no fault or lack of diligence on his part he was unable to sue before, even though the defendant took no active steps to prevent him from suing." *Singletary v. Cont'l Illinois Nat. Bank & Trust Co. of Chicago*, 9 F.3d 1236, 1241 (7th Cir. 1993). A litigant seeking to assert equitable tolling must generally establish: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418, (2005). However, it must be noted that the bar for obtaining equitable tolling is high and "the principles of equitable tolling" will not cover "a garden variety claim of excusable neglect." *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990).

In its motion for summary judgment, Defendant asserts a "straightforward application of the FTCA's statute of limitations" through the following timeline of events.

- **Feb. 18, 2011** notice of the FTCA administrative claim denial is mailed
- **Feb. 19, 2011** the six - month statute of limitations begins to run
- **Apr. 18, 2011** the first suit, Case No. 11-317 is timely filed
- **Aug. 18, 2011** six - month limitations period expires
- **March 2012** Hill retains Mr. Kirksey as counsel
- **July 26, 2012** Case No. 11- 317 is dismissed for failure to prosecute
- **Aug. 10, 2012** Hill, through Mr. Kirksey, files motion to set aside
- **Sep. 19, 2012** Court denies motion to set aside
- **Mar. 27, 2013** Hill, through Mr. Kirksey, files Case No. 13-307

(Doc. 70, p. 6). Defendant argues that Hill's six month period to file suit lapsed on August 18, 2011 and that the instant case, filed on March 27, 2013, is 586 days too late. Defendant also contends that Hill is not entitled to equitable tolling. Defendant cites to *Elmore v. Henderson*,

227 F.3d 1009, 1013 (7th Cir. 2000) in arguing that the statute of limitations was not tolled during the pendency of Hill's first suit and that he should have appealed Judge Reagan's decision in that case before filing a new Complaint. Additionally, Defendant argues that Hill has failed to establish that he "filed suit as soon as possible after his first suit was dismissed" and if the Court allows Hill's suit to go forward, the government will be prejudiced by the delay.

In his response, hill requests that the Court equitably toll the statute of limitations and deny Defendant's motion for summary judgment (Doc. 73). Hill notes that the attack at FCI Greenville was of such a severity that his "right eye orbit was crushed, his right eye was so damaged that it was surgically enucleated and the vision in his left eye is so impaired that he is legally blind." After he was removed from the halfway house, Hill did not receive notice that his claim would be dismissed until it was too late. Hill's counsel states in an affidavit that following the dismissal, he lost track of Hill. During the period between the two lawsuits, Hill was struggling to find a permanent residence. Hill also experiences symptoms of post-traumatic stress including mood swings, bouts of depression and difficulty communicating. Hill's counsel asserts that a combination of these factors, along with a mistaken assumption of law (counsel believed a savings statute, e.g., something akin to 735 ILCS 5/13-217 or Mo. Ann. Stat. § 516.230 (West) applied to the dismissal), resulted in the delay in filing the second suit.

Hill's counsel's handling of this matter is far from commendable. He acknowledges in his affidavit that he agreed to represent Hill in March, 2011, but did not take any action in the case until after Judge Reagan issued the dismissal order. As the Seventh Circuit recognized in its opinion, "[o]rdinarily … the pratfalls of a party's lawyer are imputed to the party." *Hill v. United States*, 762 F.3d 589, 591 (7th Cir. 2014). However the exceptional circumstances in this case necessitate a departure from the general rule. Aside from the period in which Hill presumably

thought that his counsel was handling the case, Hill himself has diligently pursued his FTCA claim. He exhausted BOP remedies and filed his first suit while both blind and incarcerated. When he was released from prison, Hill struggled with his living situation and the permanent injuries suffered in the attack at FCI Greenville. These circumstances hindered Hill's ability to litigate his claim and communicate with counsel.

Because of these circumstances, Hill was, as described by the Seventh Circuit, a "blind ex-con struggling to keep his head above water," *Hill*, 762 F.3d at 590. As such, the Court finds that Hill has satisfied the standard for equitable tolling. However, the Court must also consider whether Defendant would be prejudiced by its decision. The United States argues that because of the passage of time, memories have faded, evidence has become stale and that these issues will undermine the accuracy of the outcome of the case. These arelegitimate concerns, particularly when the plaintiff's claim arises in the prison context. Here, however Plaintiff filed his FTCA claim with the BOP shortly after the attack occurred and the parties have the benefit of an administrative record. Defendant therefore had notice and the opportunity to conduct a thorough investigation of the incident. Thus, any prejudice should be minimal.

The Court also recognizes that allowing the statute of limitations to be equitably tolled in this case may appear to be at odds with the Seventh Circuit's holding in *Elmore v. Henderson*, 227 F.3d 1009 (7th Cir. 2000). In *Elmore* the plaintiff and two co-plaintiffs filed a Title VII employment discrimination suit against the United States Postal Service. *Id.* at 1010. The District Court dismissed the plaintiff from the suit without prejudice on the basis of misjoinder (the three plaintiffs' claims "did not arise out of the same event or series of events"). *Id.* Plaintiff waited four months and then filed a second suit asserting the same Title VII claim. *Id.* The District Court then dismissed the second suit because the statute of limitations period had lapsed

while the first suit was pending. *Id.* The Seventh Circuit affirmed the dismissal, noting that "a suit dismissed without prejudice is treated for statute of limitations purposes as if it had never been filed." *Id.* at 1011.

Hill's situation can be distinguished from *Elmore* because the plaintiff in *Elmore* "offered no excuse" for the delay in filing the second suit. *Id.* at 1013. As previously noted, Hill provides legitimate justification for his delay in filing a second suit (i.e., the blindness and tumultuous living situation). Further, Hill asserts that his blindness was a result of Defendant's negligence and his delay in filing the instant action was due, in large part, to this disability. This causal link between the defendant's conduct and the plaintiff's delay is missing from *Elmore*.

## CONCLUSION

The Court finds that Plaintiff Gerald Hill has diligently pursued his FTCA claim but extraordinary circumstances stood in his way. The Court also finds that Defendant would not be prejudiced by the equitable tolling of the statute of limitations. Therefore, the FTCA statute of limitations is equitably tolled and Defendant's Motion for Summary Judgment is hereby denied.

**SO ORDERED**

**DATED: April 18, 2016**

                                             **/s/ *Staci M. Yandle*** 
                                             **STACI M. YANDLE**
                                             **DISTRICT JUDGE**