# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| GERALD HILL, | ) |
|     Plaintiff, | ) |
| vs. | ) Case No. 13-cv-00307-JPG-RJD |
| USA, | ) |
|     Defendant. | ) |

## MEMORANDUM AND ORDER

This matter comes before the court on plaintiff Gerald Hill's Affidavit of Indigency and Motion [Doc. 113] to Waive Costs.

Ordinarily the Clerk of Court taxes costs in favor of the prevailing party. Fed. R. Civ. P. 54(d)(1). The Court presumes that a prevailing party is entitled to costs as a matter of course, *Krocka v. City of Chicago*, 203 F.3d 507, 518 (7th Cir. 2000), but has the discretion to deny or reduce costs where warranted, *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441-42 (1987).

A reduction or denial of costs may be appropriate, for example, where a non-prevailing party is indigent and his suit is not frivolous. *See Rivera v. City of Chi.*, 469 F.3d 631, 634-35 (7th Cir. 2006) (citing *Badillo v. Central Steel & Wire Co.*, 717 F.2d 1160, 1165 (7th Cir. 1983)). In deciding whether to hold an indigent party liable for costs, the Court should examine the party's income, assets and expenses and make a threshold finding whether the losing party is incapable of paying the costs at the present time or in the future. *Rivera*, 469 F.3d at 635. The Court should also consider "the amount of costs, the good faith of the losing party, and the closeness and difficulty of the issues raised by a case when using its discretion to deny costs." *Id.* The exception to the cost-shifting presumption for indigent losing parties is narrow, and the

burden is on the losing party to show he fits within the exception. *Id.* at 636. If the Court reduces or denies costs, it must explain its decision. *Krocka*, 203 F.3d at 518.

In this case, the plaintiff's Affidavit clearly indicates that he is indigent having SSI income of less than $500 per month. Although he did not prevail, the Court finds that his action was not frivolous and was filed in good faith. The costs in this matter are reasonable, but there is no indication that the plaintiff would be capable of paying the total costs at this time or in the future.

Therefore, the Court **GRANTS** plaintiff's Motion [Doc. 113] and the Clerk of Court is **DIRECTED** to waive costs.

**IT IS SO ORDERED.**

**DATED:** 8/10/2017

*s/J. Phil Gilbert*
**J. PHIL GILBERT**
**U.S. DISTRICT JUDGE**